IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARKUS L. TUCKER,

           Plaintiff,

v.

ASTRAZENECA PHARMACEUTICALS, L.P., et al.,

           Defendants.

AND OTHER CASES AGAINST ASTRAZENECA PHARMACEUTICALS, L.P., et al.

NO. C06-1932 TEH

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF

NO. C06-0544 TEH
NO. C06-0555 TEH
NO. C06-2284 TEH
NO. C06-2907 TEH

Through a motion for administrative relief filed in *Tucker v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-1932 TEH), Plaintiffs in the above actions seek dismissal of their claims without prejudice.[1] Defendants opposed the motion within the time allowed by Civil Local Rule 7-11(b), and Plaintiffs filed a reply brief that this Court need not but did consider. *See* Civ. L.R. 7-11(c) (providing that a motion for administrative relief is "deemed submitted for immediate determination without hearing on the day after the opposition is due," without providing for the filing of reply papers). After carefully considering the parties' arguments and relevant law, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for the reasons discussed below.

First, on July 6, 2006, the Judicial Panel on Multidistrict Litigation issued an order transferring two of the above cases – *Massey v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-0544 TEH) and *Dortch v. AstraZeneca Pharmaceuticals, L.P.* (Case No. C06-0555

---

[1] Plaintiffs cannot voluntarily dismiss their claims because Defendants have already answered the complaints. Fed. R. Civ. P. 41(a).

TEH) – to the Middle District of Florida for coordinated or consolidated pretrial proceedings as part of Multidistrict Litigation ("MDL") No. 1769, *In re Seroquel Products Liability Litigation*. The Middle District of Florida docketed the transfer order on July 10, 2006, Ex. A to Defs.' Notice of Filing of Order Transferring Cases, thus making the transfer order effective as of that date pursuant to 28 U.S.C. § 1407. Accordingly, this Court lacks jurisdiction to dismiss Plaintiffs' claims against AstraZeneca in *Massey* and *Dortch*, and Plaintiffs' motion as to those two cases is therefore DENIED. Denial is without prejudice to Plaintiffs' requesting the same relief before Judge Anne C. Conway, who is presiding over the MDL proceedings in Florida.

The remaining three cases – *Tucker*, *Fall v. Astrazeneca Pharmaceuticals, L.P.* (Case No. C06-2284 TEH), and *Clark v. Astrazeneca Pharmaceuticals, L.P.* (Case No. C06-2907) – have not yet been transferred to the MDL court, and this Court therefore retains jurisdiction to consider Plaintiffs' motion. When deciding whether to grant a plaintiff's motion for voluntary dismissal, a court must consider "whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted). In this case, Defendants contend only that they may face subsequent lawsuits that may be filed in state court to avoid transfer to the MDL proceedings, and they fail to cite any authority for the proposition that these circumstances constitute "plain legal prejudice." To the contrary, in a case cited with approval by the Ninth Circuit, the Tenth Circuit explained that "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved," as it is in this case. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (cited with approval in *Wetlands Water Dist. v. United States*, 100 F.3d 94, 96-97 (9th Cir. 1996)); *but cf. Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986) (upholding the district court's denial of a motion to dismiss without prejudice based on a

1 finding that the plaintiff was forum shopping among judges in the same district).  Thus,

2 Plaintiffs' motion for dismissal without prejudice in *Tucker*, *Fall*, and *Clark* is proper, and

3 the Court GRANTS the motion as to those three cases.

4       Finally, Defendants urge the Court to place three conditions on any dismissals without

5 prejudice of Plaintiffs' claims: (1) that any plaintiffs who re-file their claims must do so in

6 federal court; (2) that such plaintiffs may not join any parties or amend their pleadings in any

7 way that would defeat diversity jurisdiction; and (3) that such plaintiffs may not object to the

8 transfer of their claims to MDL No. 1769.  However, Defendants cite no authority in support

9 of any of these conditions, which would essentially guarantee that any re-filed cases end up

10 in the MDL proceedings in Florida, and the Court does not find such restrictive conditions to

11 be appropriate here.

12       In sum, for the reasons set forth above, Plaintiffs' administrative motion for dismissal

13 without prejudice is DENIED as to *Massey* (Case No. C06-0544 TEH) and *Dortch* (Case No.

14 C06-0555 TEH) but GRANTED as to *Tucker* (Case No. C06-1932 TEH), *Fall* (Case No.

15 C06-2284 TEH), and *Clark* (Case No. C06-2907 TEH).  The Clerk shall close the latter three

16 files.

17

18 **IT IS SO ORDERED.**

19

20 Dated:   07/26/06

                                                                             
21 THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT